UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLAUDE THEODORE HOFFMAN,

    Petitioner,

                        CASE NO. 07-CV-11948
v.                         HONORABLE JOHN CORBETT O'MEARA

BLAINE LAFLER,

    Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.**

Claude Theodore Hoffman ("Petitioner"), a state prisoner confined at the Mid-Michigan Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] seeking DNA test results and the removal of a "notification detainer" for a state criminal case identified as No. 94-106537. Petitioner is serving concurrent sentences of 15 to 30 years imprisonment for kidnapping and assault with intent to commit murder convictions which were imposed following a jury trial in the Saginaw County Circuit Court in 1995.[2] For the reasons set forth, the petition for writ of habeas corpus is dismissed.

---

[1] Because Petitioner challenges a state detainer rather than a conviction, this case is more properly brought pursuant to 28 U.S.C. § 2241. Because Petitioner is proceeding *pro se*, the Court shall construe the petition broadly, *see* Haines v. Kerner, 404 U.S. 519, 520 (1972), and treat it as such. Regardless of whether the petitioner is brought under § 2241 or § 2254, the result is the same – dismissal of the petition.

[2] Petitioner does not challenge his 1995 convictions in his petition. Those convictions have been affirmed on direct appeal in the state courts and federal habeas relief has been denied. *See* Petition, pp. 2-4.

1

**II.**

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

**III.**

A petitioner may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) "special

circumstances" warrant federal intervention.  *See Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2nd Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see also Bronston v. Sabbatine*, 12 F.3d 211, 1993 WL 473792, *1 (6th Cir. 1993) (unpublished).

The petitioner has not met his burden here.  Petitioner seeks DNA test results and the removal of a "notification detainer" concerning a state criminal case identified as No. 94-106537.  To the extent that Petitioner seeks dismissal of any pending state charges, federal habeas relief is unavailable.  *See Braden*, 410 U.S. at 493.  Additionally, to the extent that Petitioner seeks a speedy trial or other resolution of those charges, he has not exhausted his claims in the state courts by filing a request for a speedy trial or dismissal with the appropriate state court and pursuing his appellate remedies as necessary.  *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  He has also not shown that special circumstances warrant federal habeas review at this time.  The state courts must first be given a fair opportunity to rule upon the merits of Petitioner's claims before he presents them for federal habeas review.

## IV.

For the reasons stated, this Court concludes that Petitioner has improperly or prematurely brought this federal habeas petition.  Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

s/John Corbett O'Meara
United States District Judge

Dated: May 14, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 14, 2007, by electronic and/or ordinary mail.

                                                                       s/William Barkholz
                                                                       Case Manager